UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TERENCE LEE BRITT,                              )
          Plaintiff,                            )
                                  )
          v.                                     )          Civil Action No. 2:21cv458
                                  )
COMMONWEALTH OF VIRGINIA, *et al.*,   )
          Defendants.                           )
_____ )

## MEMORANDUM OPINION

Plaintiff Terence Lee Britt ("Plaintiff"), appearing *pro se*, filed this action against the Commonwealth of Virginia ("Commonwealth"), the City of Virginia Beach ("City"), and the City of Virginia Beach Police Department ("VBPD") (collectively "Defendants"). Compl., ECF No. 1. This matter is before the Court on (i) the City and the VBPD's Motion to Dismiss, ECF No. 6; (ii) the Commonwealth's Motion to Dismiss, ECF No. 9; and (iii) Plaintiff's "Court of Record Default and Judgment" ("Motion for Default Judgment"), ECF No. 11.

For the reasons set forth below, Plaintiff's Motion for Default Judgment, ECF No. 11, will be DENIED; the City and the VBPD's Motion to Dismiss, ECF No. 6, will be GRANTED; the Commonwealth's Motion to Dismiss, ECF No. 9, will be GRANTED; and this civil action will be DISMISSED.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2021, Plaintiff paid the requisite fees and filed this action against the Commonwealth, the City, and the VBPD. Compl., ECF No. 1. Plaintiff's Complaint is difficult to decipher and does not clearly articulate the intended claims. The case caption on the first page of the Complaint indicates that this lawsuit is brought by "i: a man; *prosecutor*," who seeks to

redress a claim of "trespass [forgery]."   *Id.* at 1 (emphasis and alteration in original).   The case caption on the second page of the Complaint indicates that this lawsuit is brought by "Terence Lee Britt, trustee, a man the aggrieved party; prosecutor," who seeks to redress claims of "forgery and bad faith."   *Id.* at 2.   The case caption on the third page of the Complaint indicates that this lawsuit is brought by "i: a man; Terence Lee Britt, trustee, a man *prosecutor*," who seeks to redress claims of "TRESPASS: TRADE NAME INFRINGEMENT."   *Id.* at 3 (emphasis in original).

In the "Statement of Facts" section of the Complaint, Plaintiff appears to allege that he executed a Power of Attorney that appointed him as Attorney-in-Fact for Sha'Heed Abdullah White.   *Id.* at 7; *see* Power Attorney, ECF No. 1-4, at 2.   Plaintiff also appears to allege that he holds property rights in Mr. White's name, and that since July 2, 2021, Defendants have been using Mr. White's name, or a derivation of Mr. White's name, in a manner that infringes upon Plaintiff's rights.   Compl. at 7.

Plaintiff attached several exhibits to his Complaint that indicate that Mr. White was arrested and charged with obstruction of justice and "rape by having sexual intercourse . . . when such act was accomplished through the use of the victim's mental incapacity or physical helplessness."   Arrest Warrant, ECF No. 1-6, at 1; *see* Arrest Warrant, ECF No. 1-6, at 12; Inmate Database Search Results, ECF No. 1-5, at 9; Mot. Compel, ECF No. 1-5, at 2-3; Commitment Order, ECF No. 1-6, at 3-4.   It appears that Plaintiff claims that Defendants' use of Mr. White's name during Mr. White's criminal proceedings constituted an "unlawful" and "unjust appropriation."   Compl. at 7.   Plaintiff asks the Court to "restrain[] [D]efendants from further using" the name and to award Plaintiff "Five Million Dollars" in monetary damages.   *Id.* at 8.

The City and the VBPD filed a Motion to Dismiss on September 15, 2021, and the Commonwealth filed a Motion to Dismiss on September 20, 2021.   City & VBPD's Mot.

Dismiss, ECF No. 6; Commonwealth's Mot. Dismiss, ECF No. 9.   Both motions contained a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.   City & VBPD's Mot. Dismiss at 2; Commonwealth's Mot. Dismiss at 3; *see* E.D. Va. Loc. Civ. R. 7(K).   Plaintiff did not file an Opposition to either dismissal motion, and his deadlines to do so have expired.

On September 20, 2021, Plaintiff filed a Motion for Default Judgment.   Mot. Default J., ECF No. 11.   The City and the VBPD filed a timely Opposition; however, the Commonwealth chose not to respond to Plaintiff's motion.   Opp'n, ECF No. 12.   All pending motions are ripe for adjudication.

## II.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff asks the Court to enter default judgment against Defendants.   Mot. Default J. at 1-4, ECF No. 11.   To support his request, Plaintiff states that Defendants "failed to answer" this lawsuit "as required by the summons."   *Id.* at 2.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default may be entered against a party who has "failed to plead or otherwise defend" in an action.   Fed. R. Civ. P. 55(a). If default is entered, and not set aside for good cause, a party may move for default judgment. Fed. R. Civ. P. 55(b).   Default judgments should be "reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court."   *Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 724 (E.D. Va. 2011) (citation omitted).

Here, the Court finds that Plaintiff has not established that the entry of default or default judgment is warranted against Defendants.   Plaintiff filed executed summonses that show that the City and the VBPD were served on August 26, 2021, and the Commonwealth was served on

3

August 30, 2021.   Executed Summonses, ECF Nos. 4, 5, 8.   Assuming without deciding that service was proper, the City and the VBPD were required to file a responsive pleading by September 16, 2021, and the Commonwealth was required to file a responsive pleading by September 20, 2021.   All Defendants timely filed Motions to Dismiss.   City & VBPD's Mot. Dismiss, ECF No. 6 (filed on September 15, 2021); Commonwealth's Mot. Dismiss, ECF No. 9 (filed on September 20, 2021).   Because Defendants timely responded to Plaintiff's Complaint, Plaintiff's Motion for Default Judgment, ECF No. 11, will be DENIED.

### III.   DEFENDANTS' MOTIONS TO DISMISS

Defendants argue, among other things, that dismissal of this action is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *See* Mem. Supp. City & VBPD's Mot. Dismiss, ECF No. 7; Mem. Supp. Commonwealth's Mot. Dismiss, ECF No. 10.   A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"   *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).   "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'"   *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000)).

The Court is required to liberally construe complaints filed by *pro se* litigants; however, the Court "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'"   *Bolton v. Chesterfield Cnty. Sch.*

*Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22cv165, 2022 U.S. Dist. LEXIS 61093, at *5 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint "neither excuses a *pro se* plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

Defendants argue that Plaintiff's Complaint fails to state any plausible claims for relief against Defendants.   Mem. Supp. City & VBPD's Mot. Dismiss at 5-6; Mem. Supp. Commonwealth's Mot. Dismiss at 6-7.   Specifically, the Commonwealth argues:

> The Complaint includes phrases, legal concepts, and doctrines apparently borrowed from the Uniform Commercial Code, the Virginia Constitution, estates and trusts law, and other unrelated bodies of law which, in the context of the Complaint, serve no apparent legal or relevant purpose.   [Plaintiff's] pleading of these various, unrelated, and inapposite legal principles does not satisfy the need for factual allegations sufficient to state a claim.   The allegations, at best, state legal conclusions without any factual support.   For instance, [Plaintiff] alleges that "this is a claim of trespass: tort: Trade Name Infringement."   Compl. at p. 4, ¶ 1.   He further alleges that the Commonwealth "infringed upon a trade name administered by said trustee . . . [and] continue [sic] to infringe upon this trade name in various commercial activities without consent."   *Id.* at ¶ 2.   These legal conclusions are indecipherable and are without any factual support; thus, they are insufficient to state a claim to relief that is plausible on its face.

Mem. Supp. Commonwealth's Mot. Dismiss at 6-7 (last three alterations in original).

Similarly, the City and the VBPD argue that "[d]espite using pseudo-legal terminology throughout the Complaint, Plaintiff has simply stated a number of legal conclusions" and "offers no factual allegations that amount to a plausible claim for relief against the City (or VBPD, which cannot be sued as an independent party/entity . . . )."   Mem. Supp. City & VBPD's Mot. Dismiss at 5.   The City and the VBPD further argue that although Plaintiff alleges that the use of Mr. White's name was an "unauthorized," "unwarranted," and "unjust appropriation" that "caused

actual damage, harm and injury," "[t]he Complaint offers no facts or legal authority in support of these conclusions even under the most lenient of *pro se* pleading standards."   *Id.*

Upon review, the Court finds that Plaintiff's Complaint fails to allege facts sufficient to state any claim for relief against Defendants "that is plausible on its face."   *Twombly*, 550 U.S. at 570.   Although Plaintiff's Complaint contains references to trespass, forgery, trade name infringement, unjust appropriation, and the like, the Court finds that Plaintiff's Complaint fails to clearly identify the specific claims that Plaintiff intends to assert against Defendants.   Further, although Plaintiff generally alleges that Defendants engaged in unlawful conduct, the Court finds that the factual allegations set forth in Plaintiff's Complaint, liberally construed, do not adequately support Plaintiff's conclusory allegations of wrongdoing.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "mere conclusory statements . . . do not suffice" to survive a motion to dismiss).[1]   Accordingly, the City & the VBPD's Motion to Dismiss, ECF No. 6, will be GRANTED, and the Commonwealth's Motion to Dismiss, ECF No. 9, will be GRANTED.[2]

---

[1] To the extent that Plaintiff intends to assert any claims in this action on behalf of Mr. White, Defendants argue that Plaintiff cannot do so on a *pro se* basis.   Mem. Supp. City & VBPD's Mot. Dismiss at 3-5, ECF No. 7; Mem. Supp. Commonwealth's Mot. Dismiss at 3-5, ECF No. 10.   Defendants' arguments comport with the law.   A federal court does not have jurisdiction over an action unless the plaintiff adequately establishes that he or she has standing to pursue the asserted claims.   *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (explaining that federal courts only have jurisdiction over "cases and controversies," and that "standing is an integral component of the case or controversy requirement").   As courts have explained, to possess standing, a plaintiff must establish, among other things, that he or she "suffered an injury-in-fact."   *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, 892 F.3d 613, 619 (4th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   If Plaintiff seeks to assert the rights of Mr. White in this action, Plaintiff would be unable to establish that Plaintiff (as opposed to Mr. White) has the requisite standing to pursue such claims, and the Court would lack jurisdiction over such claims.

Similarly, it is well-settled that although litigants have the right to bring their own civil claims on a *pro se* basis, "[t]he right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*."   *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original); *see* 28 U.S.C. § 1654.   Courts recognize that the legal competence of a "layman . . . is clearly too limited to allow him to risk the rights of others."   *Myers*, 418 F.3d at 400 (citation omitted).   Thus, Plaintiff, who is not a licensed attorney, could not represent the interests of Mr. White on a *pro se* basis.

[2] Because the Court finds that dismissal of this action is warranted for the reasons set forth above, the Court does not address the alternative arguments for dismissal set forth in Defendants' dismissal motions.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Default Judgment, ECF No. 11, will be DENIED; the City and the VBPD's Motion to Dismiss, ECF No. 6, will be GRANTED; the Commonwealth's Motion to Dismiss, ECF No. 9, will be GRANTED; and this civil action will be DISMISSED.

An appropriate Order shall issue.

_____
/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:   July 12, 2022